IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:23-CR-212-O |
| KYUNG HEO (01) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT OUT OF TIME**

The government has reviewed the defendant's Motion for leave to file defendant's objections to the Presentence Investigation Report (PSR) (Doc. 27) and contends that it has complied and continues to comply with its discovery obligations under *Brady*, *Giglio,* and Rule 16 by disclosing evidence within the government's possession that is material to a defense.  The defendant's motion should be denied because the request is couched in a discovery request that is beyond Rule 16. The defendant is requesting discovery from a different district, involving separate local agencies, in two separate offense investigations. The discovery request is far-reaching and seeks expansive information that is neither material to a defense nor in the possession of the prosecution team. Despite the government (both NDTX U.S. Attorney's Office and NDTX U.S. Probation) providing information responsive to the defendant's initial requests which was the basis for the information in paragraphs 27-30 in the PSR, subsequent defense requests are beyond Rule 16 and not material.  U.S. Probation made the unredacted reports used for PSR ¶ ¶ 27-30 available to the defense for in-house review.

The undersigned received the reports from the Eastern District of Texas (EDTX) U.S. Attorney's Office at the defense attorney's request, redacted victim/witness and PII information as appropriate, and emailed a copy of the reports to the defense. In addition, the undersigned inquired of the EDTX AUSA, about sharing the discovery in their two separate investigations with the defense in this case. The EDTX AUSA indicated that they are opposed to providing pre-Indictment discovery on those investigations and had indicated the same to the defense attorney.  The motion should be denied.

## A. Background

On June 6, 2023, the defendant entered the Citizen's National Bank located at 800 Santa Fe Drive Weatherford, Texas wearing a grey brimmed, white mask and sunglasses. The defendant approached the victim/teller's counter, brandished a firearm, and demanded money from the victim/teller. The defendant proceeded to jump over the counter and began asking where the vault was while other tellers were emptying their cash drawers. Unbeknownst to the defendant, the victim teller pressed the silent alarm button to notify authorities of the bank robbery taking place. After collecting $23,140 in cash into a brown sack, the defendant pointed the firearm at the tellers and ordered them to the back wall with their hands in the air.

Officers responded with the assistance of a K9 and located the defendant as he was fleeing from the area. Following a short chase he was detained, and found to be in possession of the money stolen from the bank, a BB/pellet gun altered to resemble a real firearm and a pocket knife.

During a post-*Miranda* statement the defendant admitted his involvement in the bank robbery and corroborated the accounts the victims and witnesses had provided law enforcement. Further, the defendant explained he spent a month researching banks before picking the Citizen's national bank based on his assessment of where he was least likely to be apprehended. Adding he wouldn't rob a bank with a fake gun alone, the defendant disclosed he brought the knife in case someone tried to intervene or attack him. At some point after the defendant's arrest in the instant case, and partly through the content of defendant's phone he was identified as a suspect in two uncharged bank robberies that occurred in 2022 in the Eastern District of Texas. The EDTX has indicated it is actively investigating the two separate bank robberies and expect to move forward with the prosecution of the same, however, as of this filing, they are still uncharged.

After the defendant plead guilty in the NDTX charged robbery, the U.S. Probation Officer conducted his own investigation and received the reports that form the basis for paragraphs 27-30 in the PSR. Despite the government timely providing discovery beyond the requirements of Rule 16, on July 6, 2023, and October 18, 2023, counsel for the defendant has made additional requests regarding the EDTX investigations that have continued to grow in scope, while decreasing in materiality. For example, the government full discovery in the charged offense from the Northern District of Texas on July 6, 2023. And, at the defense counsel's request, the government further provided the redacted reports received from EDTX, despite the defense already having access to the same from Probation; and notwithstanding the fact that these are for separate offenses in a different district.

Also at the defendant's request, the government inquired from the EDTX AUSA if discovery could be shared in the active investigations of the two separate uncharged offenses, despite none of this information being part of the instant bank robbery. The EDTX AUSA advised that they do not share pre-Indictment discovery and they indicated the same to the defense attorney.

All evidence related to the two separate uncharged offenses in the EDTX received by the NDTX U.S. Attorney's Office has been provided to the defense. The additional evidence sought by the defendant is part of pending investigations in the EDTX, and in the possession of local and federal agencies in the EDTX, not part of the prosecution team in this case.

**B. Legal Framework**

Under *Brady v. Maryland*, the Government is required to disclose information that is "favorable to an accused" and "material either to guilt or to punishment." 373 U.S. 83, 87 (1963). Under Rule 16, the Government is required to disclose, upon request, evidence that is "within the government's possession, custody, or control" and that "is material to preparing the defense," will be used in the Government's case-in-chief, or was obtained from the defendant. FED. R. CRIM. P. 16.

Evidence is not in the possession of the Government if it is not possessed by the "'prosecution team,' which includes both investigative and prosecutorial personnel." *Avila v. Quarterman*, 560 F.3d 299, 308 (5th Cir. 2009) (quotation omitted). Separate government actors, uninvolved in the investigation or prosecution of the case at issue, are not part of the prosecution team. *See Odeh v. United States*, No. 3:04-CR-0240-P, 2015

WL 1442836, at *13 (N.D. Tex. Mar. 30, 2015). The imposition of an unlimited duty on a prosecutor to inquire of other offices not working with the prosecutor's office on the case in question would inappropriately require us to adopt a "monolithic view of government" that would "condemn the prosecution of criminal cases to a state of paralysis." *See United States v. Avellino*, 136 F.3d 249, 255 (2d. Cir. 1998); *See also United States v. Pelullo,* 399 F.3d 197, 217 (3d. Cir. 2005); *see also United States v. Quinn,* 445 F.2d 940, 944 (2d. Cir. 1971) (refusing to impute knowledge of Florida prosecutor to an AUSA in New York).

Regarding materiality, "it is incumbent upon a defendant to make a Prima facie showing of 'materiality' in order to obtain discovery . . . ." *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978). Materiality "requires some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *United States v. Reeves*, 892 F.2d 1223, 1226 (5th Cir. 1990) (quotation omitted). In determining materiality, "[t]he extensiveness of the material which the Government did produce, and the availability of the disputed material from other sources, including the defendant's own knowledge, must also be considered." *United States v. Ross*, 511 F.2d 757, 763 (5th Cir. 1975).

## C. Argument

Defendant's current discovery requests are unreasonable and "unduly burdensome to the Government." *Ross*, 511 F.2d at 763. The requests seek information that is neither material nor in the possession of the prosecution team.

The crux of the defendant's requests seems to be to require the government to go out and uncover the information related to separate bank robberies which are currently being investigated by a separate district and not by the prosecution team. The defendant has failed to meet his prima facie burden of showing that this information is material to his defense. *Buckley*, 586 F.2d at 506.  He must offer more than "conclusory arguments" on materiality and must show that the information sought bears more than "some abstract logical relationship to the issues in the case." *Ross*, 511 F.2d at 762–63.  The information in the PSR regarding the two separate offenses is under "Offense Behavior Not Part of Relevant Conduct". (PSR ¶ ¶ 27-30). The basis for the information utilized in that section of the PSR, was a series of reports from a local police department in the Eastern District which are in the possession of the defendant. (*Id.*)

Moreover, materiality must be considered in light of the information the defendant already has been provided by the government. *Ross*, 511 F.2d at 763.  The government has provided the defendant with information bearing on his knowledge, including his post-arrest statements, the information within his cell phone, videos from the charged bank robbery in the NDTX, and reports related to the charged bank robbery

Furthermore, the information the defendant seeks is not in the possession of the investigative nor prosecution team.  The defendant improperly seeks information from EDTX Federal Bureau of Investigation (FBI), Lewisville Police Department (LPD), Flower Mound Police Department (FMPD) pending investigations (referred to collectively as the EDTX investigations).

**Government's Response to Defendant's Motion For Leave to File Out of Time—Page 6**

Those agencies are involved in the investigation of the bank robberies that happened in Lewisville and Flower Mound, which are both in the Eastern District, not in the Northern District.[1] Separate government actors, uninvolved in the investigation or prosecution of the case at issue, are not part of the prosecution team. *See Odeh v. United States*, No. 3:04-CR-0240-P, 2015 WL 1442836, at *13 (N.D. Tex. Mar. 30, 2015).

Applying the general principle set above– that the prosecution is only obligated to disclose information known to others acting on the government's behalf in a particular case- the EDTX investigating and prosecuting agencies are not members of the prosecution team in the NDTX. Indeed, there have been ongoing separate investigations as to each robbery in the EDTX that pre-date the investigation in the NDTX case and did not involve either the Weatherford Police Department or the NDTX FBI. The prosecution has no duty "to learn of information possessed by other government agencies that have no involvement in the investigation or prosecution at issue." *Morris*, 80 F.3d at 1169.

---

[1.] *See, e.g.*, *Odeh v. United States*, No. 3:04-CR-0240-P, 2015 WL 1442836, at *13 (N.D. Tex. Mar. 30, 2015) (Israeli Defense Forces not part of prosecution team); *see also United States v. Taylor*, 942 F.3d 205, 225–26 (4th Cir. 2019) (ATF agents not part of prosecution team in an unrelated prosecution stemming from FBI investigation); *United States v. Pelullo*, 399 F.3d 197, 217 (3d Cir. 2005) ("[T]he prosecution was under no obligation to ferret out evidence from another pending proceeding with a tenuous connection to the prosecution." (quotation omitted)); *United States v. Casas*, 356 F.3d 104, 116 (1st Cir. 2004) (prosecution is not obligated to obtain evidence from another agency not under its supervision in case); *United States v. Morris*, 80 F.3d 1151, 1169 (7th Cir. 1996) (Prosecution has no duty "to learn of information possessed by other government agencies that have no involvement in the investigation or prosecution at issue.").

*D. Conclusion*

The government has complied and continues to comply with its discovery obligations. The defense has failed to meet its burden to show materiality, and its requests are unreasonable and unduly burdensome. The Court should deny the defense's request for leave to file objections to the PSR out of time. Additionally, to the extent the defendant is moving to compel discovery from the two separate uncharged bank robberies, the Court should also deny the defendant's request to compel production of the discovery of the EDTX pending bank robbery investigations.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*s/ Laura G. Montes*
LAURA G. MONTES
Assistant United States Attorney
Massachusetts State Bar No. 687739
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
Email: Laura.Montes@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2023, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following parties who have consented in writing to accept this Notice as service of this document by electronic means.

*s/ Laura G. Montes*
LAURA G. MONTES
Assistant United States Attorney